# EXHIBIT B

**COURT OF COMMON PLEAS OF PHILADELPHIA**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**

*Filed and Attested by the
Office of Judicial Records
16 OCT 2024 09:44 am
S. GILLIAM*

|  |  |  |
|---|---|---|
| SAMIRAH N. BILAL, | : | **MAJOR NON-JURY** |
|  | : |  |
| Plaintiff, | : | OCTOBER    TERM, 2024 |
|  | : |  |
| v. | : |  |
|  | : | NO:           04108 |
| CITY OF PHILADELPHIA | : |  |
|  | : |  |
| and | : |  |
|  | : |  |
| Defendants. | : |  |

<u>**NOTICE TO DEFEND**</u>

| **NOTICE** | **AVISO** |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| *You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* | *Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.* |
| **Philadelphia Bar Association**<br>**Lawyer Referral**<br>**and Information Service**<br>**One Reading Center**<br>**Philadelphia, Pennsylvania 19107**<br>**(215) 238-6333**<br>**TTY (215) 451-6197** | **Asociacion De Licenciados**<br>**De Filadelfia**<br>**Servicio De Referencia E**<br>**Informacion Legal**<br>**One Reading Center**<br>**Filadelfia, Pennsylvania 19107**<br>**(215) 238-6333**<br>**TTY (215) 451-6197** |

CREECH *&* CREECH LLC
By: TIMOTHY P. CREECH, ESQ. (81728)
1835 Market St., Suite 2710
Philadelphia, PA 19103
(215) 575-7618; Fax: (215) 575-7688
Timothy@CreechandCreech.com                    *Counsel for Plaintiff*

## COURT OF COMMON PLEAS OF PHILADELPHIA
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| SAMIRAH N. BILAL<br>155 E. Godfrey Ave, Bldg. L-406<br>Philadelphia, PA 19120<br><div align=right>Plaintiff,</div><br>v.<br><br>CITY OF PHILADELPHIA (Register of Wills)<br>1515 Arch St.<br>Philadelphia, PA 19102;<br><div align=right>and</div><br>JOHN P. SABATINA, *Register of Wills*<br>1515 Arch St.<br>Philadelphia, PA 19102,<br><div align=right>Defendants.</div> | **MAJOR NON-JURY**<br><br>OCTOBER TERM, 2024<br><br>NO: 04108 |

## AMENDED COMPLAINT

Plaintiff, Samirah N. Bilal, by and through her undersigned attorneys, files the within Complaint and avers as follows:

### I.    INTRODUCTION

1.    Plaintiff was a Clerk at the Orphan's Court for Defendant, City of Philadelphia. Orphans Court clerks are hired and fired by the Register of Wills. After the current Register of Wills, Defendant John P. Sabatina, took office in January 2024, he immediately terminated many employees. Within months, and after Plaintiff continued her satisfactory performance of her job duties, Sabatina terminated Plaintiff and at least one other Clerk to replace with his political supporters.

Case ID: 241004108

2.      The conduct of Defendants is a violation of Plaintiffs' First Amendment Rights, enforceable in this Court pursuant to 42 U.S.C. § 1983 ("§ 1983").  Plaintiff was terminated because she declined to support Defendant Sabatina's campaign in the 2023 election for Register of Wills. Sabatina replaced Plaintiff with his political supporters.  This "Tammany Hall" style use of political office is unlawful and caused Plaintiff substantial harm.  As the Supreme Court has held *Rutan v. Republican Party of Illinois,* 497 U.S. 62, 64 (1990):

> To the victor belong only those spoils that may be constitutionally obtained. *Elrod v. Burns,* 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976), and *Branti v. Finkel,* 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980), decided that the First Amendment forbids government officials to discharge or threaten to discharge public employees solely for not being supporters of the political party in power, unless party affiliation is an appropriate requirement for the position involved.

3.      Party affiliation is not relevant to Plaintiff's position.

4.      Plaintiff is a Black female. The supermajority of employees terminated by Defendant Sabatina are Black or other minority.  It is believed, and therefore averred, that Defendants replaced the Black employees with White employees. This is a violation of 42 U.S.C. §1981.

## II.    PARTIES, JURISDICTION, VENUE

5.      Plaintiff/Employee, Samirah N. Bilal, is an adult individual, domiciled at the above-referenced address.  Her race is Black.

6.      Defendant/Employer, City of Philadelphia, is the legal entity subject to jurisdiction of this Court.  The Office of the Register of Wills is the department in the City of Philadelphia relevant to the Complaint.

7.      Defendant/Employer John P. Sabatina is the current officeholder of Register of Wills. He is sued in his official capacity.

8.      This Court has original jurisdiction over Plaintiff's § 1983 and  § 1981 claims.

9.      Venue is appropriate in the this Court.

Case ID: 241004108

10.     At all relevant times, Defendants acted under color of law.

III.    **FACTUAL ALLEGATIONS**

11.     On January 2, 2024, Defendant Sabatina assumed office of the Register of Wills.

12.     Plaintiff declined to support Defendant Sabatina's campaign for the office of Register of Wills in 2023.

13.     On June 18, 2024, shortly after Sabatina took office, Defendants terminated Plaintiff.

14.     Plaintiff began working at the Register of Wills in or about January 2020.  She was a highly qualified employee and her performance history was excellent.

15.     The Office of the Register of Wills has a custom and practice of politically motivated hiring and firing of employees.

16.     In addition, or in the alternative, race was a determinative, motivating, substantial or primary factor in terminating Plaintiff.

17.     As a direct and proximate result of Defendants' misconduct, Plaintiff has suffered injury.  She lost a good paying, steady job that has been difficult to replace. Plaintiff sought out and obtained alternative work, but she continues to suffer economic hardship; Plaintiff could not find replacement work at or better than the pay and benefits he earned.  Plaintiff also suffers from humiliation, embarrassment, emotional distress and physical symptoms of that distress.

18.     As a direct and proximate result of Defendants' conduct, Plaintiff suffered severe injuries, which include but are not limited to:

   a)  Lost wages;
   b)  Lost back pay;
   c)  Lost future wages;
   d)  Lost benefits;
   e)  Embarrassment and humiliation;
   f)  severe emotional distress; and
   g)  other damages as described in further detail in this pleading and as will become evident through the course of discovery.

19.     Defendants are liable to Plaintiff for reasonable attorney's fees and costs incurred.

Case ID: 241004108

**COUNT I     FIRST AMENDMENT RETALIATION**

20.    Repeats and realleges paragraphs 1-19 as if set forth at length herein.

21.    At all relevant times, Plaintiff was a public employee.

22.    Plaintiff has First Amendment rights of free speech; to support and associate with political candidates of their choice; and to not support or associate with any political party or candidate.

23.    Plaintiff exercised her First Amendment rights by supporting the political opponent of Defendant Sabatina in the 2023 election for the office of Register of Wills and/or by declining to support Defendant Sabatina.

24.    In addition to, or in the alternative to, the impermissible use of race discrimination (as pled herein), Plaintiff's political affiliation (or absence of political affiliation) was the only reason why Defendants terminated Plaintiff.

25.    Defendants' actions were taken under color of state law and Sabatina acted within the scope of his authority as the Register of Wills for the City of Philadelphia.

26.    As a direct and proximate result of Defendants' unlawful actions, Plaintiff suffered harm, as set forth above and incorporated herein by reference.

WHEREFORE, Plaintiff, Samirah N. Bilal, seeks judgment against Defendants for all equitable and monetary relief as may be awarded, including but not limited to: compensatory damages; liquidated damages; reasonable attorney's fees and costs; and all such other damages and relief available under the applicable laws.

**COUNT II     RACE DISCRIMINATION – 42 U.S.C. § 1981**

27.    Repeats and realleges paragraphs 1-26 as if set forth at length herein.

28.    As an employee of Defendant City of Philadelphia, Plaintiff is entitled to the protections of 42 U.S.C. § 1981, which proscribes racial discrimination in contracts, including employment contracts.

Case ID: 241004108

29.     Defendants, jointly and severally, unlawfully discriminated against Plaintiff on the basis of her race by terminating her employment.

30.     In addition to, or in the alternative to, the impermissible interference with Plaintiff's free speech rights (as pled above), Plaintiff's race was a determinative, motivating, substantial or primary factor in terminating Plaintiff.

31.     Defendants' actions were taken under color of state law and Sabatina acted within the scope of his authority as the Register of Wills for the City of Philadelphia.

32.     As a direct and proximate result of Defendants' unlawful actions, Plaintiff suffered harm, as set forth above and incorporated herein by reference.

WHEREFORE, Plaintiff, Samirah N. Bilal, seeks judgment against Defendants for all equitable and monetary relief as may be awarded, including but not limited to: compensatory damages; liquidated damages; reasonable attorney's fees and costs; and all such other damages and relief available under the applicable laws.

Respectfully submitted,

CREECH & CREECH LLC

/s/ Timothy P. Creech
TIMOTHY P. CREECH
1835 Market St., Suite 2710
Philadelphia, PA 19103
(215) 575-7618; Fax: (215) 575-7688
Timothy@CreechandCreech.com

DATED:     December 26, 2024

Case ID: 241004108