IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMIRAH BILAL, : | |
| : | |
| Plaintiff, : | CIVIL ACTION |
| : | |
| v. : | No. 2:25-CV-00016-KBH |
| : | |
| THE CITY OF PHILADELPHIA, et al., : | |
| : | |
| Defendants. : | |

**DEFENDANTS CITY OF PHILADELPHIA AND JOHN P. SABATINA'S ANSWER TO PLAINTIFF SAMIRAH BILAL'S AMENDED COMPLAINT**

Defendants the City of Philadelphia and John P. Sabatina, Register of Wills by and through their undersigned counsel, hereby answer the Amended Complaint ("Complaint") of Plaintiff Samirah Bilal ("Bilal") and assert their Affirmative Defenses as follows:

**I.      INTRODUCTION**

1. Admitted in part; denied in part. It is admitted that Plaintiff was an employee of the Register of Wills for the City of Philadelphia and worked as a record clerk within the Orphans' Court division. And it is admitted that John P. Sabatina took office in January 2024 and shortly thereafter terminated certain employees. Defendants admit that Sabatina later terminated Plaintiff. Defendants deny the remaining allegations in this paragraph.

2. Denied. This paragraph consist purely of conclusions of law and the allegations therein are denied on that basis. The allegations of discrimination are denied in that they are meritless as well. Bilal was not fired because she declined to support Sabatina's campaign in the 2023 election for Register of Wills.

3. Admitted.

4. Admitted in part; denied in part. It is admitted that Bilal is a black female. The remaining allegations are denied.

II. **PARTIES, JURISDICTION, VENUE**

5. Admitted in part; denied in part. It is admitted that Bilal is an adult and black. The remaining allegations are denied in that Defendants are, after reasonable investigation, without sufficient knowledge or information to determine the truth or falsity of the allegation in this paragraph.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted to the extent "this Court" now refers to the United States District Court for the Eastern District of Pennsylvania.

10. Denied. The allegations in this paragraph are conclusions of law and are denied on that basis.

III. **FACTUAL ALLEGATIONS**

11. Admitted, save for the allegation concerning when Mr. Sabatina took office (which was, on information and belief, effective January 1, 2024).

12. Denied. Defendants are, after reasonable investigation, without sufficient knowledge or information to determine the truth or falsity of the allegation in this paragraph.

13. Denied. By way of further answer, Bilal was terminated effective June 21, 2024.

14. Denied. By way of further answer, Bilal began with the Register of Wills in or about March 2022.

15. Denied.

16. Denied.

17. Denied. Defendants specifically deny that they engaged in "misconduct" or caused Plaintiff any such damages. Defendants are, after reasonable investigation, without sufficient knowledge or information to determine the truth or falsity of the allegations concerning the alleged damages and any alleged attempts to mitigate those damages. The allegations are denied as legal conclusions as well.

18. Denied (including denials as to the allegations of each sub-paragraph). Defendants specifically deny that they caused Plaintiff any such damages. The allegations are denied in that they are legal conclusions as well.

19. Denied. This allegation is a conclusion of law and is denied on this basis. Defendants further deny, on the merits, any such liability.

**COUNT I: FIRST AMENDMENT RETALIATION**

20. Defendants reallege and incorporate by reference their responses set out above.

21. Admitted to the extent that "at all relevant times" means during the terms of Plaintiff's employment with the City.

22. Admitted in part; denied in part. It is admitted only that Plaintiff has First Amendment rights as a public employee. All remaining allegations are denied as legal conclusions, and Defendants explicitly deny that they violated Plaintiff's First Amendment rights.

23. Denied. Defendants are, after reasonable investigation, without sufficient knowledge or information to determine the truth or falsity of the allegations, so the allegations are therefore denied. The allegation concerning Plaintiff's purported exercise of her First Amendment rights is also denied because it is a legal conclusion.

24. Denied.

25. Admitted in part; denied in part. It is admitted that the decision to terminate Plaintiff was made in such a governmental capacity. Defendants deny any suggestion that such actions were unlawful.

26. Denied. The allegations in this paragraph are conclusions of law and are denied on this basis. Defendants further deny the allegations as substantively meritless.

WHEREFORE, Defendants request judgment in their favor and against Plaintiff along with such equitable and monetary relief as the court deems just and appropriate, including an award of attorneys' fees and costs.

**COUNT II RACE DISCRIMINATION – 42 U.S.C. § 1981**

27. Defendants reallege and incorporate by reference their responses set out above.

28. Denied. The allegations in this paragraph are conclusions of law and are denied on that basis.

29. Denied. The allegations in this paragraph are conclusions of law and are denied on that basis. The allegations are denied as meritless as well.

30. Denied. The termination of Bilal employment was not related to her race or any other such unlawful factor.

31. Admitted in part; denied in part. It is admitted that the decision to terminate Plaintiff was made in a governmental capacity. It is denied that such decision was motivated by racial, retaliatory, or other political motive.

32. Denied. The allegations in this paragraph are conclusions of law and are denied on that basis. The allegations are denied as meritless as well.

WHEREFORE, Defendants request judgment in their favor and against Plaintiff along with such equitable and monetary relief as the court deems just and appropriate, including an award of attorneys' fees and costs.

## GENERAL DENIAL

Defendants deny each and every allegation in Plaintiff's Complaint not specifically admitted.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses. Defendants reserve the right to amend this Answer and assert additional Affirmative Defenses based upon information obtained during discovery.

### First Affirmative Defense

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### Second Affirmative Defense

The claims asserted in the Complaint are barred, in whole or in part, by the applicable statute of limitations or other applicable rules, statutes, or regulations controlling or requiring the initiation of a suit within a certain period of time following the accrual of the cause of action.

### Third Affirmative Defense

Plaintiff waived any and all alleged rights to the relief sought in the Complaint.

### Fourth Affirmative Defense

Defendants acted at all times in good faith and for legitimate, non-discriminatory, and non-retaliatory reasons.

### Fifth Affirmative Defense

Defendants exercised reasonable care to prevent and promptly eliminate any discriminatory and/or retaliatory conduct in the workplace.

### Sixth Affirmative Defense

Plaintiff's claim is barred by the doctrine of qualified immunity.

### Seventh Affirmative Defense

Plaintiff's damages are reduced in whole or in part under the doctrine of after acquired evidence.

### Eighth Affirmative Defense

Plaintiff's damages may be barred by the doctrines of laches, waiver, estoppel, and unclean hands.

### Ninth Affirmative Defense

Plaintiff is not entitled to recover some or all of the damages alleged, including attorneys' fees.

### Tenth Affirmative Defense

Any alleged damages or losses, if any, were caused in whole or in part by Plaintiff's own acts, omissions, or conduct.

### Eleventh Affirmative Defense

Plaintiff failed, in whole or in part, to mitigate his damages.

### Twelfth Affirmative Defense

Defendants acted at all relevant times hereto with good faith and without any malicious intent and with reasonable justification for believing its actions were lawful.

### Thirteenth Affirmative Defense

Plaintiff's claims for punitive damages (if any) are barred because the alleged acts, occurrences, or omissions as alleged in the Complaint fail to rise to the level required to sustain an award of punitive damages as they do not evidence willful, wanton, malicious, or reckless actions by Defendants.

### Fourteenth Affirmative Defense

There is no factual or legal basis for the imposition of compensatory relief.

### Fifteenth Affirmative Defense

There is no factual or legal basis for the imposition of punitive damages.

### Sixteenth Affirmative Defense

Defendants would have taken the same action(s) regardless of Plaintiff's purportedly protective activity or status.

### Seventeenth Affirmative Defense

Any claims made herein for compensatory and punitive damages are barred and/or limited by constitutional limits.

**WHEREFORE**, Defendants pray that the Court enter judgment in their favor and against Plaintiff, including denying all claims for equitable relief, and dismissing all claims with prejudice, and awarding the Defendants their attorneys' fees, costs, and any other relief the Court deems just and proper.

|  |  |
|---|---|
|  | **PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP** |
| Dated: January 10, 2025 | By: */s/ Alexander M. Owens*<br>Gaetan J. Alfano, Esquire<br>P.A. ID No. 32971<br>Michael A. Morse, Esquire<br>P.A. ID No. 80507<br>Alexander M. Owens<br>P.A. ID No. 319400<br>1818 Market Street, Suite 3402<br>Philadelphia, PA 19103<br>gja@pietragallo.com<br>mam@pietragallo.com<br>amo@pietragallo.com<br>(215) 988-1427 (Telephone)<br>(215) 981-0082 (Telecopy)<br><br>*Attorneys for Defendants*<br>*City of Philadelphia and*<br>*John P. Sabatina* |

## CERTIFICATE OF SERVICE

I, Alexander M. Owens, hereby certify that on January 10, 2025, I caused a true and correct copy of Defendants' Answer to Plaintiff's Amended Complaint to be served on all counsel of record via the Court's ECF system.

                                                                                     */s/ Alexander M. Owens*
                                                                                     Alexander M. Owens, Esquire

Date: January 10, 2025

#11215325